IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | |
|---|---|
| DANIEL NEAL, § | |
| TDCJ-CID No. 01624027, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | 2:17-CV-149-Z |
| § | |
| DAMON ANDREWS, *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER
## DISMISSING CIVIL RIGHTS COMPLAINT

Plaintiff DANIEL NEAL, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-referenced defendant and has been granted permission to proceed *in forma pauperis*. For the following reasons, Plaintiff's civil rights Complaint is **DISMISSED**.

## JUDICIAL REVIEW

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see also Denton v. Hernandez*, 504 U.S. 25 (1992).

confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. § 1997e(c)(1). A *Spears* hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

## PLAINTIFF'S CLAIMS

First, the Court notes that Plaintiff has moved once again to amend his claims (ECF No. 24) but has failed to attach a proposed amended complaint on the proper form. Local Rule 15.1(a) of the Local Rules of Court for the United States District Court for the Northern District of Texas requires that a copy of the proposed amended or supplemental complaint be attached to a motion for leave to amend or supplement. The failure to submit a copy of a proposed amended complaint is enough to support a denial of the motion. Plaintiff must submit the proposed amended complaint *on the proper form*. However, the Court has reviewed the claims in the handwritten Proposed Amended Complaint and finds that, for the reasons stated in this Memorandum Opinion, amendment to the Complaint would be futile and is, therefore, **DENIED** as such.

Plaintiff argues that he received a disciplinary case in retaliation for filing a Prison Rape Elimination Act ("PREA") investigation against Sergeant Joshua Carrillo, in violation of his First Amendment right to seek redress with the Texas Department of Criminal Justice ("TDCJ") through administrative means. By his Complaint and supplementary submissions, it is evident that Plaintiff was charged with Knowingly Making a False Statement During an Official Investigation or For the Purpose of Harming Another Person, a Level Three disciplinary charge, under 29.0 of the

---

[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

Texas Department of Criminal Justice, Correctional Institutions Division Disciplinary Rules and Procedures for Offenders, Attachment C, February 2015 Manual. Although offenders may not be punished under this section for filing a grievance or a lawsuit, knowingly filing false claims or grievance can subject an offender to disciplinary action.

Plaintiff also claims that TDCJ officials failed to properly investigate the grievances he filed subsequently to receiving the disciplinary conviction and that TDCJ wrongfully failed to overturn the disciplinary conviction. The basis for Plaintiff's proposed amended complaint was to add additional defendants that participated in the grievance process following his disciplinary conviction.

## ANALYSIS

Plaintiff claims that he is the victim of retaliation. In order to assert a retaliation claim, an inmate must show "(1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *McFaul v. Valenzuela*, 684 F.3d 564, 578 (5th Cir. 2012). A plaintiff must make a showing that but for the retaliatory motive, the action complained of would not have occurred. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). A plaintiff must either produce direct evidence of the defendant's motivation to retaliate or "allege a chronology of events from which retaliation may plausibly be inferred." *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). "A prisoner who brings a retaliation claim bears a heavy burden that may not be satisfied with conclusional allegations or his own personal beliefs." *Williams v. Dretke*, 306 Fed. App'x 164, 167 (5th Cir. 2009). Courts must take a skeptical view of retaliation claims to avoid meddling in every act of discipline imposed by prison officials. *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006).

Filing a grievance is a constitutionally protected activity, and a prison official may not

retaliate against an inmate of engaging in such protected activity. *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995). The constitutional protection, however, is limited to the filing of non-frivolous complaints involving the assertion of legitimate constitutional rights. *Johnson*, 110 F.3d at 311. "To assure that prisoners do not inappropriately insulate themselves from disciplinary actions by drawing the shield of retaliation around them, trial courts must carefully scrutinize these claims." *Woods*, 60 F.3d at 1166. Federal court are not qualified to second-guess every decision made by prison officials in the exercise of their professional judgment. *Bell v. Wolfish*, 468 U.S. 520, 546–47 (1979).

Plaintiff enjoys no constitutional right to disobey legitimate prison rules, including the prohibition against lying or possession of contraband, and prison officials may discipline Plaintiff for violations of those rules. Speech that is otherwise punishable does not become constitutionally protected merely because it appears in a grievance. *See Hale v. Scott*, 371 F.3d 917, 919 (7th Cir. 2004) (holding that an inmate had no constitutionally protected right to state unsubstantiated rumor—that a corrections officer was engaging in sexual misconduct—in a grievance and could be disciplined for doing so).

Thus, the record includes a determination that Plaintiff's allegedly protected activity, which is the basis of Plaintiff's retaliation claim, was the filing of a false grievance. Accordingly, this was not protected activity. *Johnson*, 110 F.3d at 311; *Barlow v. Dominguez*, 198 F.3d 244, 1999 WL 1045174, at *2 (6th Cir. 1999) (affirming a trial court's decision to dismiss a plaintiff's retaliation claim based on a misconduct report, which was issued for filing a false grievance).

To the extent that Plaintiff argues he should have had his disciplinary case overturned by Defendants, such claims are barred. The Supreme Court has held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions

whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). "It is well-settled under *Heck* that a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if that violation arose from the same facts attendant to the charge for which he was convicted . . .." *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008) (quoting *Heck*, 512 U.S. at 486-87) (internal marks omitted). The *Heck* doctrine also operates to bar prisoners from seeking injunctive relief or otherwise challenging the punishment imposed by a disciplinary proceeding through a § 1983 action. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) ("[plaintiff's] claim for declaratory relief and money damages, based on allegations . . . that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983"); *Clarke v. Stalder*, 154 F.3d 186, 189-91 (5th Cir. 1998) (en banc) (applying *Heck* to bar plaintiff's constitutional claims for injunctive relief that were fundamentally intertwined with his request for restoration of good-time credits).

As to Plaintiff's argument that Defendants failed to adequately investigate his grievances, the Plaintiff is not entitled to an investigation into his complaints nor a favorable response to his administrative grievances. *See Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005). Plaintiff's proposed amended complaint to add Defendants that failed to overturn his disciplinary conviction for making a false statement and failed to investigate his grievances is futile, as these claims are not cognizable. As such, his claims for failure to overturn his disciplinary case and failure to investigate his grievances are frivolous.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(a), it is **ORDERED**

that the Civil Rights Complaint by Plaintiff filed pursuant to Title 42, United States Code, section 1983 be **DISMISSED** without prejudice for failure to state a claim and with prejudice as frivolous.

**SO ORDERED.**

February _6_, 2020.

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE